## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

STATE OF CONNECTICUT, COMMISSIONER
OF LABOR, SCOTT D. JACKSON,

      Plaintiff,

      v.

YP ADVERTISING & PUBLISHING LLC,

      Defendant.

No. 3:16-cv-1424 (MPS)

### Ruling on Motion for Reconsideration

The Plaintiff has filed a motion for reconsideration of the Court's March 1, 2017 Ruling on Motion to Remand and for Summary Judgment (the "Ruling").[1]  The motion is DENIED because it does not comply with the strict standard applicable to a motion for reconsideration. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)("The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.").

Instead of pointing to "controlling decisions or data" the Court overlooked, the Plaintiff seeks to introduce new evidence into the summary judgment record to support what amounts to a new argument, i.e., that the case does not require the Court to interpret the collective bargaining agreement (the "CBA") because it involves *solely* a narrow dispute over whether a single, straightforward provision in that agreement violates Connecticut law.  This is improper.  *See,*

---

[1] Rule 7(c) of the Local Rules of Civil Procedure authorizes motions for reconsideration.

*e.g., Chemical Overseas Holdings, Inc. v. Republica Oriental Del Uruguay*, 2005 WL 927153, at *1 (S.D.N.Y. Apr. 20, 2005)("A party may not advance new facts, issues or arguments not previously presented to the Court.  To the extent that counsel seeks to relitigate the underlying motion to permit his client to make new legal or factual arguments, this will not be a proper basis for reconsideration." (internal citation and quotation marks omitted)); *Smith v. New York City Dep't. of Educ.*, 524 Fed. Appx. 730, 734 (2d Cir. 2013)("Smith also sought to supplement the record, which is inappropriate on a motion for reconsideration.").

As set forth in the Ruling, the complaint itself does not suggest that the dispute is as narrow as the Plaintiff now contends.  It simply asserts that the Defendant "owes" commissions to its former employees "consisting of, inter alia, commissions on sales by them prior to their terminations but paid for by customers after [their] termination[s]."  (ECF No. 1 at 7.)  As detailed in the Ruling, that assertion would require the Court to interpret the complicated commission provisions of the CBA.  Nor do the parties' briefs in connection with the motion for summary judgment or the motion to remand make clear that the dispute concerns *solely* whether the provision authorizing YP to deduct "deferred" commissions upon an employee's separation from YP violates Connecticut law.  To the contrary, both sides' papers pointed to the same detailed commission provisions of the CBA the Court cited in the Ruling.  (ECF No. 8 at 3 (Defendant's Local Rule Statement discussing commission "milestones"); ECF No. 18-1 at 2, 12 (Plaintiff's Motion to Remand Brief discussing commission "milestones"))  Indeed, Plaintiff at that time argued that the case could present factual issues involving the application of several of the CBA's provisions, not just Article XXV, Section 10(f)(1), which he now contends presents the *sole* issue in the case.  (*Compare* ECF No. 29 at 2, 5-6 (Plaintiff's brief in opposition to summary judgment/dismissal stating: "The agreement contains a whole sequence of target dates

2

triggering payment of deferred commissions as well as separate clauses on forfeiture of deferred commissions upon termination. Whether there are any issues of interpretation or application of those provisions, in determining their illegality under the state wage statutes, remains a question for factual discovery….Other factual issues would include the process of employees' completing sales and any conditions of the sales remaining to be satisfied by employees.") *with* ECF No. 38 at 1 (Plaintiff's motion for reconsideration asserting, "[t]he only issue presented by this case involves the CBA provision for an employee's deferred commissions to be forfeited upon his termination of employment. Art. XXV, [Sec.] 10(f)(1).")) Further, as noted in the Ruling, the Plaintiff had an opportunity to submit the letter he now seeks to bring to the Court's attention when he submitted his papers in opposition to the Defendant's motion for summary judgment. He chose not to submit any evidence at that time – declining even to dispute the Defendant's Local Rule 56 statement.

Finally, even Plaintiff's new argument concerning Section 10(f)(1) of the CBA would require substantial interpretation of the CBA – as illustrated by the Plaintiff's own exegesis of that provision (which depends, in part, on new evidence the Plaintiff seeks to submit). (ECF No. 38 at 1-2.) Even assuming the Plaintiff's analysis of that provision is correct,[2] it amounts to more than "mere referral to [a CBA] for information such as rate of pay and other economic benefits that might be helpful in determining the damages to which a worker prevailing in a state-law suit is entitled." *Vera v. Saks & Co.*, 335 F.3d 109, 115 (2d Cir. 2003)(internal quotation marks omitted).

---

[2] It is not clear from the CBA that "unearned" commissions are limited to commissions on sales for which payment has not yet been received from customers at the time of the employee's separation from YP. As detailed in the Ruling, the CBA also addresses other circumstances that might prevent an employee from having "earned" a commission at the time of her departure.

3

The Plaintiff's remaining arguments largely repeat points already addressed in the Ruling, and none of them warrant altering the Ruling.  The motion for reconsideration is denied.

IT IS SO ORDERED.

/s/
_____

Michael P. Shea, U.S.D.J.

Dated:          Hartford, Connecticut
                April 3, 2017

4